**FILED**
JUL 14 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 8630

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Magistrate Case No.: |
| Plaintiff, ) | |
| ) | COMPLAINT FOR VIOLATION OF |
| v. ) | |
| ) | 21 U.S.C. § 952 and 960 |
| Leopoldo GONZALEZ-Hurtado (1) ) | Importation of a Controlled Substance (Felony) |
| Hector Francisco VIZCAINO-Moreno (2) ) | |
| ) | |
| Defendants. ) | |

The undersigned complainant being duly sworn states:

That on or about July 11, 2008 within the Southern District of California, defendants Leopoldo GONZALEZ-Hurtado and Hector Francisco VIZCAINO-Moreno, did knowingly and intentionally import approximately 23.02 kilograms (50.64 pounds) of Cocaine, a Schedule II Controlled Substance, into the United States from a place outside thereof, in violation of Title 21, United States Code, Section 952 and 960.

The complainant states that this complaint is based on the attached Statement of Facts incorporated herein by reference.

_____
Special Agent
U. S. Immigration & Customs Enforcement

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 14th DAY OF JULY 2008.

_____
PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

I, Special Agent Enrique Torregrosa, declare under penalty of perjury, the following is true and correct:

On July 11, 2008 at approximately 1633 hrs Leopoldo GONZALEZ-Hurtado entered the United States through the Calexico, California West Port of Entry (POE). GONZALEZ was the driver and registered owner of a 2003 Mazda bearing CAUS license plate #6CXD795. GONZALEZ was accompanied by his friend Hector Francisco VIZCAINO-Moreno.

At primary Customs & Border Protection (CBP) Officer E. Velazquez, received a negative Customs declaration from GONZALEZ. CBP Officer Velazquez stated that GONZALEZ told him that he was going to Calexico, California. CBP Officer Velazquez queried the license plate of the vehicle utilizing the Treasury Enforcement Communication System (TECS) and was a match for a vehicle look out. CBP Officer Velasquez referred GONZALEZ, his passenger VIZCAINO and his vehicle to vehicle secondary lot for further inspection.

Upon arrival to the vehicle secondary lot CBP Officer Farrier made contact with GONZALEZ and VIZCAINO and obtained a negative Customs declaration. CBP Officer Farrier stated that he asked GONZALEZ about the purpose of his trip to Mexico, and his destination. GONZALEZ stated that he was in Mexico visiting and that he was going to work at Brawley Beef in Brawley, California. CBP Officer Farrier noticed anomalies on the tire-well of the vehicle. CBP Officer also noticed that GONZALEZ was hesitant when he answered the questions. CBP Officer Farrier escorted GONZALEZ and VIZCAINO to the vehicle secondary office, where a pat-down was conducted with negative results.

CBP Officer Farrier returned to the vehicle and requested for CBP Canine Officer Barroso to screen the vehicle utilizing his assigned Human/Narcotic Detector Dog (HNDD). CBP Canine Officer Barroso screened the vehicle utilizing his HNDD. The canine alerted to the rocker panels of the vehicle, at that point CBP Canine Officer Barroso advised CBP Officers Farrier of his canine alert to the rocker panels.

CBP Officer Farrier conducted a search of the rocker panels and discovered several packages wrapped with clear plastic and black doc tape. CBP Officer Farrier probed one of the packages and obtained a white powdery substance, which field-tested positive for cocaine. At that point the inspection was turned over to CBP Officer J. Burgueno.

CBP Officer Burgueno removed twenty (20) packages concealed within the rocker panels of the vehicle and obtained a net weight of 23.02 kilograms (50.64 pounds) of cocaine.

Calexico ICE Special Agents Torregrosa and Reed were notified and responded to the Calexico West POE.

GONZALEZ and VIZCAINO were arrested in violation of 21 U.S.C. § 952 & 960, Importation of a Controlled Substance. GONZALEZ and VIZCAINO acknowledged and waived

their Miranda Rights.

GONZALEZ stated that a subject known to him as "JOE" offered him $1,000.00 to $1,500.00 to smuggle marijuana into the United States. GONZALEZ positively identified JOE from a picture as "JOSE TIRADO."

VIZCAINO stated that yesterday, July 10, 2008 they smuggled drugs into the United States. VIZCAINO stated that GONZALEZ drove the vehicle through the Calexico West Port of Entry and he was the passenger. VIZCAINO stated that they went to Los Angeles, California and the dropped the vehicle at a Burger King's parking lot. VIZCAINO also positively identified JOE from a picture as JOSE TIRADO.

VIZCAINO stated that JOSE TIRADO gave GONZALEZ instructions on how to go to Los Angeles, California on July 10, 2008. VIZCAINO stated that they returned to Mexicali, Baja California around 2300 hours and JOSE TIRADO showed up at GONZALEZ' house and paid GONZALEZ some money. VIZCAINO stated he did not know how much money GONZALEZ received, but GONZALEZ gave VIZCAINO $400.00.

VIZCAINO stated that today around 1200 hours, GONZALEZ told VIZCAINO to go with him to Calexico to cross the vehicle to Calexico and back. VIZCAINO stated that he did not know that the vehicle was loaded with drugs because they were just going to Calexico, California and not Los Angeles, California.

Executed on July 11, 2008 @ 2302 hours.

_____
Enrique Torregrosa, Special Agent
U.S. Immigration & Customs
Enforcement

On the basis of the facts presented in this probable cause statement consisting of 2 pages, I find probable cause to believe that the defendant named in this probable cause statement committed the offense on 07/11/08 in violation of 21 U.S.C. §§ 952 & 960.

_____
Cathy A. Bencivengo
United States Magistrate Judge

7/12/08 @ 10:56 AM
Date/Time

TOTAL P.01